**In re Tommy F. ROBINSON, Carolyn B. Robinson, Debtors.**

Nos. 2:05–BK–13915M, 2:05–BK–13916M.

United States Bankruptcy Court, E.D. Arkansas, Helena Division.

Feb. 1, 2008.

Tommy F. Robinson, Brinkley, AR, Pro se.

Carolyn B. Robinson, Hot Springs, AR, Pro se.

## ORDER OF CONTEMPT

JAMES G. MIXON, Bankruptcy Judge.

The Debtor, Tommy F. Robinson, has previously been found to be in criminal contempt by this Court pursuant to an Order entered April 17, 2007, and Amended Order entered August 30, 2007, pursuant to Federal Rule of Bankruptcy Procedure 9033(b) and 9020. The Debtor objected to the proposed Order and the Order is currently under review by the United States District Court for the Eastern District of Arkansas.

The facts of this case are set out in this Court's previous Order and it is unnecessary to repeat them here except to state that the previous Order of Contempt concerned the Debtor's efforts to pursue litigation that belongs to the Trustee and which has been adjudicated by a final Order of this Court. While the order was pending before the United States District Court the Debtor, Tommy Robinson, on December 5, 2007, filed a motion, pro se, asking leave of the Court to do several things, among them to file the following:

"III. Lawsuit against Trustee Frederick S. Wetzel, III, for misconduct and breach of fiduciary duties re: 2:05–bk–1315M.

IV. Lawsuit against Stuart Hankins for fraud and malpractice.

V. Lawsuit against Bill Thompson for fraud.

IV. Lawsuit against Boyd Rothwell for fraud."

(Motion Asking Leave of the Court to Pursue Complaints and Lawsuits, Dec. 5, 2007.)

The creditors, Bill Thompson and Boyd Rothwell, filed a response to the motion on December 6, 2007, and on December 7, 2007, filed a motion to hold Debtor in civil contempt for violating this Court's Order of July 28, 2006, ordering the Debtor not to interfere with the administration of the bankruptcy estate. The creditors' motion asked that the Debtor be found in civil contempt and incarcerated until he certified in writing that he would abide by this Court's Order of July 28, 2006, and the proposed Order of Contempt entered April 17, 2007. The Trustee also filed a response denying that he had done anything improper and objecting to the Debtor's request to sue the Trustee.

A hearing was conducted on the motion filed by the Debtor and the motion to hold the Debtor in contempt. The Debtor's motion to sue creditors Boyd Rothwell and Bill Thompson and their attorney Stuart Hankins, Esq., was denied because the proposed suits concerned matters that had previously been litigated as described in detail in the Court's proposed Order of Contempt now under review by the United States District Court.

The motion for permission to sue the Trustee was also denied as frivolous.[1] The Debtor produced no evidence whatsoever

---

1. The Debtor is required by law to obtain permission from this Court to sue a Trustee appointed by this Court. *Barton v. Barboun,* 104 U.S. 126, 14 Otto 126, 26 L.Ed. 672 (1881); *In re Martin,* 287 B.R. 423 (Bankr. E.D.Ark.2003).

of any misconduct on the part of the Trustee.

The Court denied the motion to hold the Debtor in civil contempt because the evidence appeared to present a case for criminal contempt. Thereafter, the Court, on December 17, 2007, issued its Order to Show Cause why the Debtor should not be held in criminal contempt for violating this Court's Order of July 28, 2006. A hearing was conducted on the Order to Show Cause on January 18, 2008, and the Debtor appeared in person and by counsel, Bill Lewellen.

## I.

## DISCUSSION

After considering the record of July 26, 2006 hearing, the December 14, 2007 hearing, and the record of the January 18, 2008 hearing, together with the attached exhibits, the Court finds that the motion for leave to sue the Trustee, Bill Thompson, Boyd Rothwell, and Stuart Hankins is in contempt of this Court's Order of July 28, 2006. That Order specifically enjoined and restrained the Debtor from taking *any* action to interfere with the administration of the estate by acting to "coerce, intimidate, harass, hinder or threaten the Trustee, any creditors, attorneys, or parties in interest in these jointly administered bankruptcies until their completion and closure." (Order Regarding Motion for order of Contempt, July 38, 2006.)

By filing a frivolous motion to sue the Trustee and relitigate matters already litigated and resolved adversely to the Debtor, he is attempting to harass, intimidate, and threaten the proposed defendants in violation of the July 28, 2006, Order.

The Debtor produced no credible evidence at the January 18, 2008, hearing justifying his actions. Much of the Debtor's testimony was a monolog consisting of a rambling diatribe against the Trustee, Stuart Hankins, Bill Thompson and Boyd Rothwell. He acknowledges that a final Order was entered settling the fraud claims against Bill Thompson and Boyd Rothwell and the claim against Stuart Hankins. He now seeks permission to relitigate these same issues even though he never appealed the Order. He remains adamant that he should be allowed to pursue this cause of action regardless of the fact that it belonged to the Trustee and was settled.

The Debtor is a bully and his weapon of choice is litigation. His conduct in this case shows a callous disregard for law and order. The Debtor testified at the July 25, 2006, hearing that, "There is deep-seated hatred in our family over what they've [Rothwell and Thompson] done to all of our lives...." (Tr. at 34, Hearing on Motion for Order of Contempt, July 26, 2006.) He refuses to believe this Court's final order settling these issues applies to him. He has already served five days in the Monroe County Jail for assaulting Bill Thompson and one day in the custody of the United States Marshall, along with his attorney, Roy Lewellen, for violation of this Court's Order of July 26, 2006. Further, the Debtor's discharge has been denied because the Court found that the bankruptcy petition was fraudulent.

The Debtor argues that he should not be held in contempt for asking permission to file the lawsuit and that he has a constitutional right to ask permission. His argument might have merit if this were the first time he attempted to relitigate these same issues. But this is not the first time. He should know by now that his motion is frivolous for the reasons set out herein and in the pending Order of Contempt.

The Debtor shows no inclination to discontinue his actions, and unless the United States District Court puts him in jail for a

period of time sufficient for him to reflect on his bad conduct, he will never cease this endless litigation. Therefore, the Debtor is found to be in criminal contempt a second time for violating this Court's Order of July 26, 2006.

Because Robinson is found to be in criminal contempt the Court orders the following sanctions:

1. That Robinson be remanded to the custody of the United States Marshall for the Eastern District of Arkansas to be incarcerated at a place chosen by the United States Marshall for a period of two months or such other period of time the United States District Court for the Eastern District of Arkansas shall determine upon review of this Order.

Because this Order of Contempt is brought pursuant to Federal Rule of Bankruptcy Procedure 9020 and involves findings of criminal contempt, the Court elects to proceed under Federal Rules of Bankruptcy Procedure 9033(b) and 9020. See, *Brown v. Ramsay (In re Ragar)*, 3 F.3d 1174, 1177–78 (8th Cir.1993) (Arnold, J.)(ruling bankruptcy court acted within its authority and pursuant to Rule 9033 in holding debtor's attorney in criminal contempt but providing for district court's de novo review if attorney objected to bankruptcy court's order of contempt within 10 days).

The Bankruptcy Clerk shall forthwith serve a copy of this Order of Contempt on Robinson. This Order of Contempt shall become effective as a final order of criminal contempt unless within a ten (10) day period after being served, Robinson serves and files with the Clerk of the Bankruptcy Court an objection to this Order of Contempt as provided by Federal Rule of Bankruptcy Procedure 9033(b).

If an objection is filed, this Order shall be subject to review by the United States District Court for the Eastern District of Arkansas, Eastern Division, pursuant to Federal Rule of Bankruptcy Procedure 9033.

IT IS SO ORDERED.